Lin v. Holder
BIA
Chew, IJ
A089 203 779

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand thirteen.

PRESENT:  DENNIS JACOBS,
    *Chief Judge,*
   ROBERT A. KATZMANN,
   GERARD E. LYNCH,
    *Circuit Judges.*

_____

XING EN LIN,
   *Petitioner,*

   v.          12-145
                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:   Michael Brown, New York, New York.

FOR RESPONDENT:   Stuart F. Delery, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xing En Lin, a native and citizen of the People's Republic of China, seeks review of a December 30, 2011, decision of the BIA affirming a January 14, 2010, decision of Immigration Judge ("IJ") George T. Chew, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT").  In re Xing En Lin, No. A089 203 779 (B.I.A. Dec. 30, 2011), aff'g, No. A089 203 779 (Immig. Ct. N.Y. City Jan. 14, 2010).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining."  Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005) (citations omitted) (internal quotation marks omitted). Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA."  Id.  "The substantial evidence standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009) (citations omitted) (internal quotation marks omitted).

The amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, govern Lin's application.  8 U.S.C. §§ 1158(b)(1)(B)(iii); 1231(b)(3)(C).

2

Under these amendments, the fact-finder may consider the totality of the circumstances and base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." See id. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such [a] . . . ruling." Xiu Xia Lin, 534 F.3d at 167.

The IJ's adverse credibility determination is supported by substantial evidence. The IJ reasonably based his credibility finding on: (1) Lin's omission from his asylum application of any mention of the bribes that he testified that his parents paid to Chinese officials to secure his release following his two arrests; and (2) omissions in the letter from Lin's father of any mention of the bribes he allegedly paid or of the visit by Chinese officials to his home that Lin testified occurred after he had fled to the United States. See 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); Xiu Xia Lin, 534 F.3d at 167 (noting that where the totality of the circumstances establishes that an applicant is not credible, "an IJ may rely on *any* inconsistency or omission or omission in making an adverse credibility determination") (emphasis retained). The IJ was not required to credit Lin's explanations for these omissions. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (emphasis retained) (citations omitted) (internal quotation marks omitted).

Given the inconsistency between Lin's testimony and the information contained in his statement and in his father's letter, the agency's adverse credibility determination was reasonable, based on the totality of the circumstances  See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167.  The adverse credibility determination, therefore, precludes Lin's success on the withholding of removal claim.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4